**Motion Granted; Reversed and Remanded and Majority and Dissenting Opinions filed July 8, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00400-CV

---

### PRO CYCLES & ACCESSORIES, INC. D/B/A HONDA OF HOUSTON, Appellant

### V.

### STEVEN CHRISTIAN, Appellee

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-19667**

---

### DISSENTING OPINION

With no citation to relevant authority, the court uses Texas Rule of Appellate Procedure 42.1(a)(2)(B) to grant a motion to dismiss a restricted appeal and set aside the trial court's judgment. The motion is agreed to by some, but not all, of the

parties to the trial court's final judgment. The agreement required by Rule 42.1(a)(2)(B) is neither signed by both moving parties as required by the rule, nor does the agreement set out the trial-court judgment the parties seek as required by the rule. The motion requests that the final judgment be set aside, which would include, perhaps unintentionally, an agreed interlocutory dismissal of claims and counterclaims of appellee Steven Christian and Drake Powersports LLC, which is not a party to this appeal.

The relevant dates and actions are:

- 3/18/2019: Plaintiff Christian sues defendants (1) Pro Cycles and Accessories, Inc. and (2) Drake Powersports, LLC

- 9/16/2019: Trial court signs interlocutory default judgment regarding liability of Pro Cycles for claims alleged by Christian

- 11/11/2019: Christian and Drake file agreed motion to dismiss with prejudice all claims and counterclaims between them

- 11/11/2019: Trial court signs interlocutory order granting agreed motion by Christian and Drake to dismiss with prejudice all claims and counterclaims between them

- 11/21/2019: Trial court signs judgment in favor of Christian and against Pro Cycles signed by trial court after bench trial on damages; judgment includes *Lehmann* finality language[1]

- 12/23/2019: Expiration of trial court's plenary power over final judgment (no postjudgment motions filed)

---

[1] *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

2

- 5/20/2020: Notice of restricted appeal filed by Pro Cycles; includes statement that "Defendant desires to appeal all portions of the Final Judgment"; Drake does not file notice of appeal[2]

- 2/16/2021: Christian signs confidential release, indemnity, and settlement agreement ("Settlement Agreement")

- 5/27/2021: Pro Cycles and Christian file joint motion to dismiss appeal pursuant to Texas Rule of Appellate Procedure 42.1(a)(2)(B); Settlement Agreement attached to motion does not follow Rule 42.1(a)(2) because it is only signed by Christian and not Pro Cycles; Christian and Pro Cycles "request the Court to set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the parties agreement" and does not limit their request to the claims between them; Settlement Agreement signed by Christian but not Pro Cycles is neither conditioned on action by the court of appeals, nor contains proposed agreed judgment for trial court to render on remand

This court cites no authority, and I know of none, discussing whether Texas Rule of Appellate Procedure 42.1(a)(2) applies to a restricted appeal when there is no agreement of the parties that the requirements for a restricted appeal have been met.[3] It may well be that the plain meaning of Rule 42.1(a)(2) allows the trial

---

[2] The court erroneously lists Drake as an appellant. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal.").

[3] *See Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) ("To sustain a restricted appeal, the filing party must show that: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any

3

court's final judgment to be set aside in a Rule 30 restricted appeal even if the appellate record does not support restricted-appeal relief on a final and no-longer appealable (by regular appeal) trial-court judgment. But as a restricted-appeal appellant cannot reach the relief it seeks without showing it meets the test for a restricted appeal, I question whether the use of Rule 42.1(a)(2) requires at a minimum that all parties to the restricted appeal agree that the record supports a restricted appeal. The trial court's final judgment does not belong to the parties, and appellate courts cannot set aside trial-court judgments merely because the parties ask that they be set aside.

I do not think the court needs to engage in such a discussion, however, because there is no agreement signed by both parties as required by Rule 42.1(a)(2). The settlement agreement that the parties and court rely on is signed only by Christian. While I agree that settlement is to be encouraged, I do not understand why the court allows settlement without compliance with the Texas Rules of Appellate Procedure. Public policy dictates that final judgments remain final except for the direct and collateral attacks recognized by law.

Accordingly, I dissent to this court's judgment which "reverse[s] the trial court's judgment and remand[s] the case for further proceedings consistent with this opinion,"[4] which among other things, affects the October 11, 2019 dismissal with prejudice of the claims and counterclaims of Christian and Drake. I would deny the motion and allow Christian and Pro Cycles an opportunity to file an

---

post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.") (quotations omitted).

[4] As the court's opinion does not really explain anything, I do not understand what "consistent with this opinion" means.

4

amended motion to dismiss that addresses the many concerns discussed in this dissent.[5]


/s/     Charles A. Spain
Justice


Panel consists of Chief Justice Christopher and Justices Spain and Wilson (Wilson, J., majority).

---

[5] To the extent the parties simply want the litigation resolved, this objective could be accomplished in a way that does not involve this court setting aside the trial court's judgment in a manner not authorized by the Texas Rules of Appellate Procedure. For example, the judgment creditor could file a notice of satisfaction and/or release of judgment in the trial court, and the appellant could move to dismiss this appeal under Texas Rule of Appellate Procedure 42.1(a)(1). We have no plenary power to set aside trial-court final judgments merely because they are no longer subject to enforcement.